Oscar Jaime Martinex-Villalobos, 37582-279
F.C.I. Mendota
P.O. Box 9
Mendota CA 93640

Case 1:18-cr-00760 Document 55 Filed on 03/12/24 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
FILED
MAR 12 2024
Nathan Ochsner
Clerk of Court

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF TEXAS

United States of America,
Plaintiff

Case No. 1:18-CR00760-001

v.

Oscar Jaime Martinex-Villalobos,
Defendant/Petitioner

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
3582 (c)(2) Amendment 821

COMES NOW, the Petitioner, Pro-Se, making the following statements in support of this motion.

### 1. JURISDICTION

Petitioner asserts that this Honorable Court has the jurisdiction to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed with out specific authorization." McMillan v. United States, 257 F. App'x 477, 479(3rd Cir. 2007); See also Dillon v. United States, 560 U.S. 817, 819, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010)("A federal court generally may not modify a term of imprisonment once it has been imposed.") The First step Act's Amendment to 18 U.S.C. § 3582 provides an example of such a specific authorization.

Section 3582(c)(2) authorizes district courts to reduce the

1

sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, after considering the factors set forth in Section 3553(a), to the extent that they are applicable. The statute imposes certain restrictions on the district court's discretion, allowing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," of if it was subsequently made retroactive. 28 U.S.C. § 994(n).

Upon a motion from the defendant or the Director of the Bureau of Prisons, or on it's own motion, the court my reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable statements issued by the Sentencing Commission.

## 2. ARGUMENT

Petitioner is a Immigrant that does not speak the English language, Petitioner is Spanish speaking and does not read or write in English. Petitioner has had help drafting this motion and the translation of it. Because Petitioner can not read or write in English, Petitioner can not obtain the proper information to completely fill out this motion. All the information that is needed to properly fill out this motion is contained within the PSR/PSI of Petitioner. The B.O.P. has made it so another inmate can not read the PSR/PSI of another inmate for security reasons and Petitioner can not have the PSR/PSI

2

within his possession.

On or about August 24, 2023 the United states Sentencing Commission passed and/or amended Section 4A1.1. This amendment (Amendment 821) addressed the "Status Points," when a Defendant received an extra two-points under form 4A1.1(d) for committing the instant offense while under a sentence for probation, parole, supervised release. Amendment 821 amends Section 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. This amendment took effect on November 1, 2023.

However, an individual whose request is granted by this Honorable Court may not be released from prison until February 1, 2024.

### 3. RELIEF SOUGHT

Petitioner seeks sentence reduction pursuant to Amendment 821. Petitioner believes he fits in to this small class of individuals. Pursuant to 18 U.S.C. § 3006A, the Federal Defender's Office can represent all inmates potentially eligible for sentence reductions under Amendment 821 to the Sentencing Guidelines for the limited purpose of screening cases, assessing eligibility for relief, and notifying the defendant or their counsel of the status of their cases. Petitioner respectfully asks this Honorable Court to appoint counsel.

### 4. CONCLUSION

Petitioner has completed a number of evidence based recidivism reduction programs. Petitioner has made grate efforts to make rehabilitation efforts. Petitioner has attached his program review and the classes he has taken. Please see Attached "Rehabilitation Efforts." Petitioner can not properly obtain the information needed to properly complete this motion. Petitioner prays that this Honorable Court will review this case and schedule an evidentiary hearing and appoint counsel under 18 U.S.C. 3006A.

Petitioner respectfully submits this motion to this Honorable Court and hopes for the consideration of this Honorable Court.

Oscar Mtz
Signature

Date

Federal Correctional Institution Mendota
Oscar Jaime Martinez-Villalobos #37582-279
P.O. Box 9
Mendota CA 93640

FRESNO CA 936
6 MAR 2024 PM 2 L

Legal Mail

FEDERAL BUILDING AND UNITED STATES COURTHOUSE
600 East Harrison Street, Room 1158
Brownsville TX 78520

MAIL
United States District Court
Southern District of Texas

MAR 12 2024

RECEIVED
Nathan Ochsner, Clerk of Court
78520-717699